UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEMETRIUS ALDERSON,

    Plaintiff,                                       Hon. Richard Alan Enslen

v.                                                 Case No. 1:07 CV 1003

DAVE BURNETT

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on <u>Defendant's Motion for Summary Judgment</u>. (Dkt. #15). Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court recommends that Defendant's motion be **granted** and Plaintiff's action **dismissed**.

## BACKGROUND

The following allegations are contained in Plaintiff's complaint. Plaintiff is a member of the Nation of Islam. He asserts that the following books are "essential" to the practice of his religion: (1) How to Eat to Live; and (2) Our Saviour has Arrived. Plaintiff is unable to obtain these two books, however, because they have been placed on the Michigan Department of Corrections' "Restricted List." How to Eat to Live was placed on the Restricted List in January 2005 and Our Saviour has Arrived was placed on the Restricted List in September 2000.

Prison officials placed these books on the Restricted List because they allegedly "advocate racial supremacy" and are "likely to promote group disruption." Plaintiff asserts that

Defendant Burnett has "allowed these books to be placed on the Restricted List." Plaintiff asserts that his inability to purchase these books violates his First Amendment right to freely practice his religion and also violates the Religious Land Use and Institutionalized Persons Act (RLUIPA). Defendant Burnett now moves for summary judgment.

## STANDARD

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005); *see also*, *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The fact that the evidence may be controlled or possessed by the moving party does not change the non-moving party's burden "to show sufficient evidence from which a jury could reasonably find in her favor, again, so long as she has had a full opportunity to conduct discovery." *Minadeo*, 398 F.3d at 761 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)).

Once the moving party has met its burden of production, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini*, 440 F.3d at 357 (citing *Anderson*, 477 U.S. at 247-48; *Celotex Corp. v. Catrett*, 477 U.S. at 324). While the Court must view the evidence in the light most favorable to the nonmoving party, the party opposing the summary judgment motion "must do more than simply show that there is

some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006) (citations omitted).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

## **ANALYSIS**

Liability in a § 1983 action cannot be based upon a theory of respondeat superior or vicarious liability, as Plaintiff must instead allege personal involvement by a particular defendant. *See Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999) (liability is not to be found in passive behavior or an alleged failure to act, rather liability must be based upon "active unconstitutional behavior"); *Salehpour v. University of Tennessee*, 159 F.3d 199, 206-07 (6th Cir. 1998); *Street v. Corrections Corp.*

*of America*, 102 F.3d 810, 817-18 (6th Cir. 1996). While municipal entities can be held vicariously liable under RLUIPA, *see Layman Lessons, Inc. v. City of Millersville*, 2008 WL 686399 at *20 (M.D. Tenn., Mar. 7, 2008), as to individual defendants, the plaintiff must demonstrate that the defendant was personally involved in the conduct giving rise to the claim. *See, e.g., Van Wyhe v. Reisch*, 536 F.Supp.2d 1110, 1125-26 (D.S.D. 2008) (granting summary judgment to several RLUIPA defendants on the ground that there existed no evidence that they were involved in the actions giving rise to the RLUIPA claim).

Pursuant to Michigan Department of Corrections' Policy Directives, in effect as of the dates relevant in this matter, the determination whether to place an item on the Restricted Publications List was made by the Deputy Director of the Correctional Facilities Administration (CFA). *See* Mich. Dep't of Corr. Policy Directive 05.03.118 ¶¶ MM-PP (effective July 19, 1999); Mich. Dep't of Corr. Policy Directive 05.03.118 ¶¶ PP-RR (effective Dec. 19, 2003).

Defendant Burnett has submitted an affidavit in this matter. (Dkt. #16, Burnett Affidavit). Burnett asserts that he has never served as the Deputy Director of the CFA. According to Defendant Burnett he presently serves as a Special Activities Coordinator for the CFA. Burnett has served in this capacity since February 1995. Defendant Burnett asserts that he has "never taken action to have a book placed on the Restricted Publications List," as such decisions are made "at the facility level." Burnett further asserts that he has "never been assigned responsibilities for placing any publications on the Restricted Publications List." *Id.* Thus, Defendant Burnett asserts that he is entitled to summary judgment on the grounds that he was not personally involved in the decision to place the books in question on the Restricted Publications List.

Plaintiff does not challenge Defendant Burnett's assertion (consistent with the aforementioned Policy Directives) that decisions whether to place an item on the Restricted Publications

List are made by the Deputy Director of the CFA. Plaintiff likewise does not challenge Defendant Burnett's assertion that he has never taken part in a determination whether to place an item on the Restricted Publications List. Plaintiff nonetheless requests that the Court deny Defendant's motion for summary judgment on the grounds that Plaintiff must first be given the opportunity to engage in discovery for the purpose of demonstrating that "the deputy director deferred to defendant in the area of religious matters." Plaintiff also seeks to establish through discovery that the Deputy Director's decisions were influenced by Defendant Burnett.

The Court fails to discern the relevance or need for such discovery. Even assuming that Plaintiff could establish that the Deputy Director of the CFA "deferred to" or was "influenced by" Defendant Burnett, such would not establish that Defendant Burnett made the decision to place the books in question on the Restricted Publications List. Absent evidence of such, Defendant Burnett cannot be held liable in this matter. In sum, Plaintiff has failed to submit evidence calling into question Defendant Burnett's claim that he was not involved in the events which give rise to this action. Furthermore, Plaintiff's request for discovery is insufficient to thwart Defendant Burnett's motion for summary judgment, as the discovery Plaintiff seeks would not entitle him to relief.

## CONCLUSION

For the reasons articulated herein, the Court recommends that <u>Defendant's Motion for Summary Judgment</u>, (dkt. #15), be **granted** and Plaintiff's action **dismissed**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                              Respectfully submitted,

Date: July 14, 2008                          /s/ Ellen S. Carmody
                                          ELLEN S. CARMODY
                                          United States Magistrate Judge